**E-Filed 6/30/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALVADOR L. NIEBLAS,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case Number C 08-02865 JF (PVT)<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**I. BACKGROUND**

Plaintiff Salvador L. Nieblas ("Nieblas") filed this action on June 9, 2008 appealing a decision by Defendant Commissioner of Social Security ("the Commissioner") finding that Nieblas was not disabled as of his claimed onset date of October 15, 2003, but became disabled only later, on March 28, 2006.[2] The parties have filed cross-motions for summary judgment. For

---

[1] This disposition is not designated for publication in the official reports.

[2] The challenged decision was rendered by Administrative Law Judge Brenton L. Rogozen ("the ALJ") on April 28, 2006. The ALJ's decision became final on March 21, 2007, when the Appeals Council of the Social Security Administration denied Plaintiff's request for administrative review of the decision.

Case No. 08-02865 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFEX2)

the reasons set forth below, the Court will deny Nieblas' motion and grant the Commissioner's motion.

The following facts are taken from the ALJ's decision of June 27, 2007 and the accompanying Administrative Record ("AR"). Born on January 1, 1953, Nieblas was fifty-four years old at the time of the hearing before the ALJ. AR at 505. Nieblas came to the United States from Mexico in 1971. *Id.* His formal education ended in third grade. *Id.* at 506. Nieblas worked as a welder before becoming disabled. *Id.* at 517-18. He never received formal training and thus learned all of his skills on the job. *Id.* at 518. Nieblas alleges that he became disabled in October 2003 as a result of constant back pain that he described as "a burning pain . . . [that] goes all the way down to my leg[s]." *Id.* at 509. He has not worked since before Christmas 2003. However, he tried to go back to work for three months on and off before the end of 2003 and in October 2004 and January 2005. *Id.* at 507-08. He has been diagnosed with lumbar degenerative disc disease and lumbar osteoarthritis. *Id.* at 17.

Nieblas' activities since stopping work have included spending time in the backyard with his dogs, cooking, and helping his wife with housework. *Id.* at 511. When doing such activities he periodically has to take breaks due to his pain. *Id.* When sitting, he experiences discomfort if he does not move constantly from side to side. *Id.* at 510. After sitting for thirty minutes, he must take his medication in order to help his pain dissipate. *Id.* The medication makes him drowsy. *Id.* He used to engage in more activities, such as fishing, but he has taken only two four-hour fishing trips since he stopped working. *Id.* at 512. He claims that his condition worsened one year prior to the hearing. *Id.* at 514. On June 1, 2005, Neiblas filed an application for a period of disability and disability insurance benefits, alleging an onset date of October 15, 2003. *Id.* at 13. His claims were denied initially on December 8, 2005 and upon reconsideration on May 10, 2006. *Id.* Nieblas testified at the hearing. *Id.* Vocational expert James C. Westman also testified. *Id.*

The ALJ found that Nieblas "was not disabled prior to March 28, 2006, but became disabled on that date and has continued to be disabled through the date of this decision." *Id.* at

2

21. The ALJ explained that the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled under 20 CFR §§ 404.1520(a) and 416.920(a). *Id.* at 13. At step one, the ALJ concluded that Nieblas had "not engaged in substantial gainful activity since October 15, 2003." *Id.* at 15. At step two, the ALJ found that Nieblas' "back disorder" constituted a severe impairment under 20 CFR §§ 404.15(c). *Id.* At step three, however, the ALJ concluded that as of the alleged onset date Neiblas did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 16.

The ALJ found that prior to March 28, 2006, Nieblas had the residual functional capacity to perform the full range of light and sedentary work. *Id.* He found that Nieblas' medically determinable impairment reasonably could be expected to produce the alleged symptoms, but that his statements concerning the intensity, persistence and limiting effects of these symptoms were not credible with respect to the period prior to March 28, 2006. *Id.* at 17. The ALJ found that Nieblas had been unable to perform past relevant work since the alleged onset date of his disability, but that prior to March 28, 2006, considering Nieblas' age, education, work experience, and residual functional capacity, including the ability to perform the full range of light and sedentary work, there were a significant number of jobs in the national economy that Nieblas could have performed. *Id.* at 19.

## II. LEGAL STANDARD

**A. Standard for Reviewing the Commissioner's Decision**

Pursuant to 42 U.S.C. § 405(g), the Court has the authority to review the Commissioner's decision denying Nieblas benefits. The Court must affirm the ALJ's decision if it determines that substantial evidence supports the ALJ's findings and that the ALJ applied the correct legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance—[it] is such reasonable evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also*

3

Case No. 08-02865 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFEX2)

*Drouin*, 966 F.2d at 1257. When determining whether substantial evidence exists to support the ALJ's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the ALJ's decision. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

**B. Standard for Determining Disability**

A person is "disabled" for purposes of receiving Social Security benefits if he or she is unable to engage in any substantial gainful activity caused by a physical or mental impairment that is expected to result in death or that has lasted or is expected to last for a continuous period of at least twelve months. *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

Social Security disability cases are evaluated using a five-step, sequential evaluation process. AR at 20. In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity ("SGA")[3]; if so, the claimant is not disabled, and the claim is denied. *Id.* If the claimant is not engaged in SGA, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments that significantly limit the claimant's ability to perform basic work activities; if not, the claimant is not disabled, and the claim is denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the "impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, subpart P, Appendix 1." *Id.* In the fourth step, the Commissioner must determine whether the claimant has sufficient "residual functional capacity"[4] to perform his or her past work; if so, the claimant is not disabled and the claim is

---

[3]SGA is work that involves significant physical or mental activities performed for pay or profit. *See* 20 C.F.R. § 404.1520(b); *see also* 20 C.F.R. § 404.1572 (elements of SGA).

[4]A claimant's residual functional capacity ("RFC") is what he or she still can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5

4

Case No. 08-02865 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1  denied. *Id.* at 21.  The claimant has the burden of proving that he or she is unable to perform past

2  relevant work.  *Drouin*, 966 F.2d at 1257.  If the claimant meets this burden, the claimant has

3  established a *prima facie* case of disability.  Finally, in the fifth step of the sequential analysis,

4  the burden shifts to the Commissioner to establish that the claimant can perform other substantial

5  gainful work.[5] *Id.*; 20 CFR §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th

6  Cir. 1995), *as amended* April 9, 1996; *Drouin*, 966 F.2d at 1257.

## III.  DISCUSSION

Nieblas asks the Court to reverse the Commissioner's decision and remand his case to the Social Security Administration for immediate payment of benefits.  Alternatively, Nieblas asks that his case be remanded for further administrative proceedings to determine whether he was disabled between October 15, 2003 and March 25, 2006.  The specific issues raised in this case are whether the ALJ:  (1) determined the appropriate onset date of disability; and (2) properly discounted Nieblas' subjective complaints.

**A. Whether the ALJ Determined the Appropriate Onset Date of Nieblas' Disability**

Nieblas argues that the ALJ erred in finding an onset date of March 28, 2006 instead of October 15, 2003.  He asserts that substantial evidence does not support the ALJ's conclusion that he could perform light work prior to March 28, 2006.  Pl.'s Mot. For Summ. J. at 12-15. The Code of Federal Regulations defines light work as follows:

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also

---

(9th Cir. 1989).

[5] There are two ways in which the Commissioner may meet the burden of showing that there is other work in significant numbers in the national economy that the claimant can perform: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines.  *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

5

Case No. 08-02865 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFEX2)

>do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

20 CFR § 404.1567(b). Additionally, the Ninth Circuit has recognized that an individual who must alternate periods of sitting and standing is not capable of doing the prolonged standing or walking contemplated for most light work. *Gallant v. Heckler*, 735 F.2d 1450, 1457 (9th Cir. 1984). Where there is conflicting medical evidence, the resolution of such conflict is a function solely of the Commissioner. *Morgan v. Comm'r. of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999).

Nieblas contends that the ALJ erred in finding that he was capable of performing light work prior to March 28, 2006 in light of Dr. Madireddi's opinion, dated April 13, 2005 that Nieblas was precluded from heavy work or *prolonged sitting and standing*. AR at 18 (emphasis added). Nieblas argues that because he cannot engage in prolonged sitting or standing, the ALJ's reliance on Table 2 was erroneous, and that the ALJ should have relied on Table 1, under which he would have been found to be disabled. Pl.'s Mot. For Summ. J. at 14. Although the ALJ did acknowledge Dr. Madireddi's report dated April 13, 2005, he relied upon several earlier reports spanning the period between July and December 2004. AR at 17-18. The ALJ also considered the opinion of the state's non-examining medical consultant, who concluded that Nieblas had the residual functional capacity to do light work during the period in question. AR at 19.

Substantial evidence supports the ALJ's conclusion that Nieblas could perform light work prior to March 28, 2006. While the single line in Dr. Madireddi's opinion highlighted by Nieblas does support Nieblas' position, it is clear that the ALJ considered that report in light of Dr. Madireddi's prior reports and other appropriate evidence. The ALJ provided cogent, legitimate reasons for his residual functional capacity determination.

**B. Whether the ALJ Properly Assessed Plaintiff's Credibility**

Nieblas also argues that the ALJ improperly discounted his subjective pain complaints without articulating clear and convincing reasons for doing so. He asserts that the ALJ failed to "juxtapose the specific statements he found lacked credibility with the evidence of record

6

Case No. 08-02865 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1  supporting his conclusions." Pl.'s Mot. for Summ. J. At 20.  Nieblas further claims that the
2  ALJ's finding of discrepancies was not sufficiently specific.
3      The ALJ's assessment of a claimant's credibility must be "properly supported by the
4  record" and "sufficiently specific" to assure the reviewing court that the ALJ "rejected the
5  testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony
6  regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1995) (quoting *Elam v.
7  Railroad Retirement Bd.*, 921 F.2d 1210, 1213–14 (11th Cir. 1991) (quotations omitted)).  This
8  Court must give deference to the ALJ's assessment of Nieblas' credibility if it is properly
9  supported by the record and applicable legal standards.  *Rollins v. Massanari*, 261 F.3d 853, 857
10 (9th Cir. 2001) (citing *Reddick v. Chafer*, 157 F.3d 715, 720 (9th Cir. 1998)).
11     Here, the ALJ found that "[Nieblas'] medically determinable impairment could
12 reasonably be expected to produce the alleged symptoms, but [Nieblas'] statements concerning
13 the intensity, persistence and limiting effects of these symptoms are not entirely credible prior to
14 March 28, 2006." AR at 17.
15     The record as a whole demonstrates that the ALJ did not dismiss Nieblas' testimony
16 arbitrarily but rather rejected the testimony on permissible grounds.  Throughout his decision, the
17 ALJ cited specific evidence supporting his adverse credibility determination, including Nieblas'
18 own written statement that showed he was capable of a wide range of daily activities such as
19 cooking, walking his dogs, and doing light housework, and the fact that Nieblas attempted to
20 return to work on several occasions after his alleged onset date.

7

Case No. 08-02865 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
(JFEX2)

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Nieblas' motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED.

DATED: June 29, 2009

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Harvey Peter Sackett    hps@hpspc.com

3  Sarah Lynn Ryan    Sarah.ryan@ssa.gov

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 08-02865 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFEX2)